# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RAQUEL HUNTER,

           Plaintiff,         Case No. 2:11-cv-00916-MMD-PAL

vs.                                   **ORDER**

WAL-MART STORES, INC.,

           Defendant.

       Before the court is Plaintiff's Response to Order to Show Cause (Dkt. #60).

       The district judge referred this case to the undersigned to conduct a settlement conference on August 8, 2012. *See* Order (Dkt. #44). The settlement conference was initially set for January 16, 2013. On October 30, 2013, the settlement conference was vacated and rescheduled for January 23, 2013, because of a conflict in the court's schedule. The morning of the settlement conference, counsel called and indicated the Plaintiff's daughter had gone into labor and the parties were therefore requesting that the settlement conference be continued. The parties submitted a Stipulation (Dkt. #52) to continue the settlement conference for this reason. On January 28, 2013, the undersigned entered an Order (Dkt. #57) granting the parties' stipulation to continue the settlement conference and resetting it for March 15, 2013, at 9:30 a.m. The order was served on counsel for both parties. Counsel for the Defendant appeared at the settlement conference with its authorized representative. Neither Plaintiff nor her counsel appeared. As a result, the court issued an order to show cause why sanctions should not be imposed for the Plaintiff's failure to appear as ordered.

       Counsel for Plaintiff acknowledges that she and her staff made a series of missteps that resulted in this settlement conference not being placed on her calendar. Counsel's legal assistant was out of the office during a period of time to care for her hospitalized son, the office's two backup calendars did not

pick up the scheduled conference, and counsel for Plaintiff failed to note that the stipulation and order rescheduling the settlement conference had been entered.  Counsel asks the court to take into consideration the fact that she has been diligent in her other cases and that this is atypical conduct on her part.  Her failure to appear at the mandatory settlement conference was unintentional and the result of a "confluence of factors."

Having reviewed and considered the matter, the court is satisfied that neither counsel for Plaintiff nor Plaintiff wilfully violated the court's order or acted in bad faith by failing to appear at the rescheduled mandatory settlement conference.  Counsel for Plaintiff has been conscientious in meeting her obligations in other cases to which the undersigned has been assigned.  The court is satisfied that this was an anomaly that will not be repeated, and that sanctions are therefore not warranted.  A separate Order (Dkt. #58) was issued March 15, 2013, resetting the settlement conference for **August 21, 2013, at 1:30 p.m.**

**IT IS SO ORDERED**.

Dated this 4th day of April, 2013.

_____
Peggy A. Leen
United States Magistrate Judge